UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

   v.                                             Criminal No. 09-cr-178-JD
                                               Opinion No. 2011 DNH 175

Paul Kavalchuk, et al.

O R D E R

      Defendants, Paul Kavalchuk and Eastwest Trading Corporation, joined by defendant, Peter Kavalchuk, move to preclude the testimony of a government witness, David Meyers. The defendants contend that the government failed to comply with the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G) and Local Criminal Rule 16.1(b)(1) for disclosing an expert witness. The government argues that Meyers is not an expert witness and that, alternatively, the defendants will not be prejudiced if Meyers is allowed to testify.

      Under Rule 16(a)(1)(G), in conjunction with Local Criminal Rule 16.1(b)(1), the government must give the defendant "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." If the government fails to comply with the disclosure requirement, the court may order discovery, grant a continuance, preclude the undisclosed

evidence, or enter an order that "is just under the circumstances." Fed. R. Crim. P. 16(d)(2). In determining which sanction might apply, the court considers the government's reason for delaying disclosure, the defendant's prejudice, and whether a continuance would cure the prejudice. United States v. Brown, 592 F.3d 1088, 1090 (10th Cir. 2009); United States v. York, 572 F.3d 415, 422 (7th Cir. 2009); United States v. Murphy, 2006 WL 3731301, at *3 (D.N.H. Dec. 14, 2006) ("In delayed disclosure cases, the First Circuit has repeatedly stated that the 'criminal defendant must ordinarily seek a continuance if he intends to claim prejudice.'" quoting United States v. Beras, 183 F.3d 22, 27 (1st Cir. 1999)).

The government states that it did not disclose Meyers as an expert witness because he will testify only as a fact witness. In support, the government represents that Meyers will testify that "using forensic tools that have been validated and which are accepted within the forensic community, [he] made exact forensic copies of the hard drives of the seized computers." Obj. at 2. Meyers then examined the forensic copies "for evidence of the alleged crimes, again using accepted forensic tools." Id. In doing so, Meyers found numerous emails that the government intends to use in its case-in-chief.

Although the government analogizes Meyers's forensic examination of the computers' hard drives to finding a paper copy of a document in a desk, the court is not convinced. Other courts have concluded that witnesses who testify about information they found on computers, based on certain investigations, searches, or analyses, are giving expert opinions within the scope of Rule 702. See, e.g., United States v. Yu, 411 F.3d 559, 566-67 (4th Cir. 2010) (holding testimony about data recovery from computer was an expert opinion not merely facts about chain of custody); United States v. Wilson, 408 Fed. Appx. 798, 808 (5th Cir. 2010) (holding that agent's testimony about email account was not expert opinion because "he was not a forensic examiner, he did not use forensic software in reviewing the e-mails, and his computer background was limited to 'a normal computer user of Microsoft Office products'"); United States v. Ganier, 468 F.3d 920, 925-26 (6th Cir. 2006); McSweeney v. Kahn, 2008 WL 6875018, at *4 (N.D. Ga. Aug. 6, 2008).

Based on the government's representations, the court concludes that Meyers's testimony is subject to the disclosure required by Rule 16(a)(1)(G). The next consideration is whether the failure to disclose or a late disclosure has prejudiced the defendants. See United States v. Laurent, 607 F.3d 895, 901 (1st Cir. 2010).

The defendants argue that Meyers's testimony will prejudice their defense because their counsel will be unable to conduct an adequate cross-examination of Meyers, because they will not be able to find their own expert to address Meyers's expected testimony, and because the lack of disclosure will prevent them from challenging Meyers's methodology used in extracting emails and determining their recipients. The defendants further argue that a continuance would not be appropriate because the case has been continued several times and the government has had ample time to disclose Meyers as an expert.

In response, the government contends that even if the disclosure requirements are deemed to be applicable to Meyers, the defendants have not been prejudiced because the government provided Meyers's FTK Reports to the defendants by January 25, 2010, and returned the hard drives to the defendants. Meyers's FTK Reports contain a case summary that includes sections labeled "Case Information," "File Overview," and "Evidence List." The FTK Reports also identify the bookmarks created during the forensic examination, which allows the examiner to identify specific documents found on the hard drives and to access the documents as a group. One of the bookmarks created for Paul Kavalchuk's hard drive is named "Counterfeit info" and certain

emails that Meyers thought were relevant to that topic were identified with that bookmark.

The government further represents that it offered to provide defense counsel a complete duplicate copy of the forensic copies made by Meyers. On November 3, 2010, the government identified Meyers as the forensic examiner, although he had also been identified previously through the FTK Reports.

In addition, the government represents that it invited defense counsel to meet with Meyers to have him explain what he did and to answer questions. One of the defense counsel met with Meyers on October 20, 2011, heard explanations, and asked questions. Meyers also showed defense counsel portions of the FTK reports on a computer and explained how the reports were generated and what they contained. Counsel asked questions during that process.

Given the information provided to the defendants about Meyers's reports and the fact that he was identified as the forensic examiner on November 3, 2010, the government's failure to disclose Meyers as an expert has caused little or no prejudice in this case. Although the government provided access to Meyers, himself, only recently, the defendants do not appear to have been prejudiced by the timing, given the information they had as of November of 2010. Further, even if the defendants were able to

show prejudice, they are not seeking a continuance as a remedy, which is a necessary first step in seeking sanctions.

## Conclusion

For the foregoing reasons, the defendants' motion in limine to preclude the testimony of David Meyers (document no. 118) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

October 21, 2011

cc: Seth R. Aframe, Esquire
William E. Christie, Esquire
Steven M. Gordon, Esquire
Arnold H. Huftalen, Esquire
Richard F. Monteith, Jr., Esquire
Robert J. Rabuck, Esquire